UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL J. POCHE, JR. AND DOROTHY C. POCHE | * * * | DOCKET NO.: |
| Plaintiffs | * * | SECTION: |
| vs. | * * | JUDGE: |
| SHELL OIL COMPANY | * * | MAGISTRATE: |
| Defendant | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORIGINAL COMPLAINT**

**I**

**PARTIES**

**A.**  *The Plaintiffs*

The plaintiffs are:

1. **PAUL J. POCHE, JR.** a major who resides at 24458 Harvey Rd., Franklinton, Louisiana 70438, individually;

2. **DOROTHY C. POCHE,** a major who resides at 24458 Harvey Rd., Franklinton, Louisiana 70438, individually;

**B.**  *The Defendants*

The Defendants are:

1. **SHELL OIL COMPANY,** a company licensed to do business in the State of

1

Louisiana, with it's principal place of business in Texas and incorporated in the State of Delaware (herein after "**Shell Oil**").

## II.

## STATEMENT OF JURISDICTION AND VENUE

**1**.

This court has jurisdiction under 28 U.S.C. §1332. There is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**2.**

This court has personal jurisdiction over the defendant who is doing business in the district or who did business in this district at a relevant time.

**3.**

The defendant is incorporated under the laws of Delaware, with it's principal places of business in Texas.

**4.**

Venue is proper in this district under 28 U.S.C. §§1391(b)-(C) and 1400 (b) because the defendant is doing business in this district, and the events giving rise to the plaintiffs' cause of action arose in this district.

**5.**

Venue is proper in the Eastern District of Louisiana because Shell Oil Norco is located in St. Charles Parish, Louisiana.

**6.**

This Court also has venue because the petitioners are residents of Washington Parish. Moreover, the acts, omission, occurrences, injuries and the damages at issue were sustained in St. Charles Parish.

**III.**

Plaintiff, **PAUL POCHE** worked for Shell Oil Company from June 02, 1952 through June 07, 1983 as a pipefitter at the Shell Oil Company Norco, Louisiana refinery.

**IV.**

From 1952 through 1975**, PAUL POCHE** performed pipe fitter work at Shell Oil Company in Norco, Louisiana which included removing pipes and insulation, repairing old pipes that were insulated with asbestos, handling, removing and disposing of asbestos insulation. This work involved the demolition and construction of various units at Shell Norco. During this time, **PAUL POCHE** was exposed, on numerous occasions, to asbestos and/or asbestos containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendant and, in so doing, inhaled great quantities of asbestos fibers, and as a result has suffered injuries caused by such exposure. **PAUL POCHE** was exposed to asbestos or asbestos containing products in connection with performance of his occupation performed for Defendant at facilities owned and/or operated by Defendant. Poche would regularly remove asbestos insulation by breaking the asbestos off with a hammer without protective equipment including respirators or training on the

hazards of asbestos.

### V.

The Defendant knew or should have known that it's actions would combine to cause the injuries of the Plaintiff. **PAUL POCHE** was diagnosed with mesothelioma by biopsy on April 07, 2014. The actions of the Defendant are the proximate cause of **PAUL POCHE's** injuries.

### VI.

During Poche's occupational exposure period, the Defendant designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos containing products. The asbestos containing products were used at Poche's jobsites where Poche was exposed to such asbestos containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical resistant mineral substances commonly called "asbestos."

### VII.

When inhaled or otherwise ingested, asbestos, shortly after inhalation or ingestion, causes irreparable and progressive damage that can manifest itself as asbestos related plural diseases, such as asbestosis, lung cancer and mesothelioma and other diseases and injuries.

### VIII.

**Shell Oil** knew or should have known through industry and medical studies, the existence of which were not known to Poche, of the health hazards inherent in the asbestos containing products they were using. Instead of warning Poche about these dangers, **Shell Oil** ignored or concealed such information, from Poche or, upon

information and belief, condoned such concealment, regarding asbestos containing products to avoid litigation by those who were injured from asbestos inhalation.

### IX.

In connection with his work at the Defendants facility, Poche was exposed to or inhaled or otherwise ingested significant quantities of asbestos having neither knowledge nor reason to believe that these materials were dangerous.

### X.

### Negligence

Defendant **Shell Oil** is liable to Complainant for the damages cause by it's negligence pursuant to La. C.C. 2315 provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

### 1.

Not only did defendant **Shell Oil** have a duty to act with reasonable care to avoid injury to another. *Boykin v. La. Transit Co.,* 96–1932 (La.3/4/98), 707 So.2d 1225, 1231, Mr. Poche's employer had additional duties to it's employees under, La.Rev.Stat. § 23:13 provides, in pertinent part:

> Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. *Rando v. Anco Insulations Inc.,* 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1086.

**2**.

Defendant **Shell Oil,** was the employer of Mr. Poche during the time periods identified above, and therefore had a duty to provide a safe workplace during these periods of employment.

**3.**

**Shell Oil,** knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs, of the health hazards inherent in the asbestos and asbestos-containing products and materials used by **Shell Oil.**

**4.**

In the course of his work for **Shell Oil**, Mr. Poche was exposed to asbestos fiber and dust at all material times Shell Norco facility, La which was owned and/or operated and/or supervised by **Shell Oil**.  **Shell Oil** owed a duty and breached their respective duties owed to Mr. Poche creating conditions of an unsafe workplace and/or negligence consisting of, but not limited to, the following:

**5.**

**Shell Oil** breached its duties to Mr. Poche in the manner described above.

**6**.

**Shell Oil's** substandard conduct, described above, caused Mr. Poch's exposure to asbestos and were each a substantial factor contributing to Complainants' injuries.

**7.**

Defendant **Shell Oil** was negligent in the following illustrative, but not

exclusive, particulars:

    **a.** failing to warn it's employees regarding the health hazards associated with exposure to asbestos;

    **b**. failing to warn it's employees against bringing home for laundering asbestos-contaminated work clothes;

    **c.** failing to provide special work clothes which could be removed at the end of the work day, which would not require home laundering;

    **d.** failing to provide showers at the workplace to enable their employees to clean off all asbestos dust and fibers from their person before returning home;

    **e**. failing to advise employees that asbestos was an extremely dangerous substance which, even in small quantities, could cause mesothelioma;

    **f**. failing to implement adequate engineering controls to eliminate or substantially reduce their employees' exposure to asbestos including wetting down asbestos materials to reduce dust levels;

    **g.** failing to use asbestos-free insulation and other building products;

    **h**. failure to totally isolate any work activity involving the application, removal, handling or cleaning up of asbestos-containing material, so as to prevent exposure to asbestos by employees not performing the work.

    **i.** failure to provide inspection, approval and supervision of the work of Poche and his co-employees;

    **j.** to see that proper safety rules were adopted, promulgated and enforced concerning the use of respiratory protection devices;

    **k.** to see that Poche and his co-employees performed the duties pertaining to their work in a proper, safe and workmanlike manner;

    **l.** to see that Poche and his co-employees used safe and sound principals and practices in their work;

    **m.** to make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices;

    **n.** to keep abreast of state of the art knowledge as it pertains to the dangers of asbestos inhalation;

    **o.** to provide adequate warnings, including placards and signs, physical examinations,

7

        safety equipment, ventilation, and breathing apparatus, where such was necessary in order to prevent Poche from being harmed by exposure to asbestos in the environment which Poche was required to work;

p.    to make certain that employees, including Poche, were provided a safe working environment free from asbestos dust inhalation;

q.    negligently or intentionally failing to comply with the applicable State and Federal regulations regulating workplace exposure to asbestos, including but not limited to those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healey Act and the Occupational Safety and Health Act;

r.    to provide Poche with a safe place to work;

s.    Failed to conduct adequate industrial hygiene monitoring of workers such as Mr. Poche; and

t.    Any and all other acts of negligence or other acts of fault which may be proven at trial.

## XI.

The Defendant and/or it's predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to Poche by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos related injuries, illnesses and disabilities of Poche. The Defendant and/or it's predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being proximate cause of Poche's asbestos related injuries, illnesses and disabilities:

a)    in failing to provide adequate safety equipment;

b)    in failing to protect Poche from any asbestos exposure;

c)    in failing to provide Poche sufficient personal protective equipment, safety devices and work procedures intended to

    prevent or substantially eliminate the effects of asbestos exposure;

d)     in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos containing products;

e)     in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Poche's exposure to asbestos dust;

f)     in failing to properly perform safety inspections of Poche's workplace;

g)     In failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Poche's work sites;

h)     in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

i)     in failing to properly perform or direct the removal and abatement of asbestos in place at Poche's work sites; and

j)     in negligently failing to disclose, warn or reveal medical and safety information to Poche regarding the hazards of asbestos.

The negligence of Defendant was a substantial factor and contributed in causing Poche's asbestos related injuries and damages.

## XII.

### Premise Liability

Defendant has been either the operator and/or the manager and/or the owner and occupier of its respective facilitiy and in custody of the facilities during the relevant time period. The facilitiy was defective in that the asbestos and asbestos containing materials in the facilitiy created an unreasonable risk of harm to Poche and other persons on the premises. Poche was exposed to asbestos and asbestos containing materials while he was an invitee at the premise Defendants' facility. The defective

condition of the facility was a proximate cause of Poche's asbestos related injuries and damages.

## XIII.

The Defendant is liable to Poche for it's failure to exercise reasonable care to protect Poche from the foreseeable dangers associated with exposure to asbestos. The Defendant, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non- delegable duty to keep the premises safe for invites. The Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos containing materials but failed to protect Poche from said risk or harm. The Defendants' failure to protect Poche from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Poche's asbestos related injuries and damages.

## XIV.
## Strict Liability

Defendant, **Shell Oil** is strictly liable for Mr. Poche's exposure to asbestos because the products that released asbestos that he inhaled and got on his clothes were in the care and custody of **Shell Oil**. The asbestos-containing products located on the structures or units of the facility of Shell Norco were defective or were in a condition to create un unreasonable risk of harm and Mr. Poche's malignant mesothelioma was caused by the defective condition.

1.

Additionally, as owners and operators of it's facility **Shell Oil** where Mr. Poche was employed, Defendant **Shell Oil** is strictly liable for the Complainants damages arising from the custody or guard of these facilities. Pursuant to La. Civil Code art. 2317:

> Art. 2317. Acts of others and of **things in custody**. **We are responsible, not only for the damage occasioned by our own act**, but for that which is caused by the act of persons for whom we are answerable, or of the **things which we have in our custody.**.."

**2.**

Pursuant to La. Civil Code Art. 2317.1, defendant **Shell Oil** is liable for Mr. Poche's injuries. Complainant's injuries were caused a vice or defective thing; namely, the friable asbestos on and in the facilities that were under the ownership, care, custody, supervision, and control of **Shell Oil** (as described above).

**XV.**

Complainants' claims against **Shell Oil** are not barred by the exclusivity of remedy under LA. R.S. §23.1031.1 (1952). In the 1952 statute "Lung Cancer" or "mesothelioma" or lung cancer from asbestos was not a listed occupational disease, and asbestos was not a covered substance under the law in effect through 1975, and therefore not barred by the exclusivity provision of LA. R.S. §23.1031.1 (1952). *Rando v. Anco Insulations Inc.,* 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1074, citing *Rando v. Anco Insulations, Inc., et al.,* 07–2093 (La.App. 1 Cir. 5/2/08), 2008 WL 2068080 (unpublished).

**XVI.**

Had **PAUL POCHE** been adequately warned about the dangers of

asbestos, he would have taken special precautions to avoid inhaling or coming in contact with asbestos dust and fibers.

### XVII.

As a result of the aforementioned acts and omissions of the defendant, for which it is liable under a strict liability or negligence standard, **PAUL POCHE** contracted mesothelioma.

### XIII.

The plaintiffs, **PAUL POCHE** and **DOROTHY POCHE** are entitled to damages for the following:

- **a.** Past, present, and future physical and mental pain and suffering, emotional distress for his mesothelioma;
- **b.** Fear of dying which he endured from the time of his diagnosis until death;
- **c.** Loss of enjoyment of life;
- **d.** Past, present and future medical expenses;
- **e.** Other miscellaneous expenses incurred as a result of his mesothelioma;
- **f.** Disfigurement and embarrassment;
- **g.** Physical impairment;
- **h.** Physical and mental disabilities;
- **i.** Past, present, and future medical care, convalescence, mental and physical therapy and all other health care expenses; and
- **j.** Loss of society, consortium, companionship, services, nurture, and love and affection.

### XIX.

**DOROTHY POCHE** maintained a close and loving relationship with her husband **PAUL POCHE**. As a result of his terminal illness she is entitled to damages for the loss of her husband's love, affection and companionship. The plaintiff also endured substantial anguish and grief in watching her husband suffer from an excruciating painful disease and is entitled to damages for her mental pain and suffering.

**WHEREFORE**, the plaintiffs, **PAUL J. POCHE, JR.** and **DOROTHY POCHE** pray that the defendant named herein be duly cited to appear and answer this complaint and that, after due proceedings are had, there be judgment rendered herein in their favor and against the defendant, **SHELL OIL COMPANY** for an amount reasonable under the premise herein, for all costs of these proceedings, attorneys' fees, plus interest from the judicial date of demand until paid and for all general and equitable relief to which they may be entitled.

Respectfully submitted,

**WILLIAMS LAW OFFICE, LLC**

*/S/ L. Eric Williams, Jr.*
L. Eric Williams, Jr. (#26773)
Chris Cortez (#35459)
433 Metairie Road, Suite 401
Metairie, Louisiana 70005
Telephone: (504) 832-9898
Facsimile:(504) 832-9811
Email: eric@amlbenzene.net
         chris@amlbenzene.net
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE:**

**SHELL OIL COMPANY**
Through it's Registered Agent
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

13